# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

WILLIAM TURNER,

        Petitioner,

v.                                                     Case No. 09-CV-796

UNITED STATES OF AMERICA,

        Respondent.

_____

# ORDER

On July 2, 2008, the court sentenced William Turner ("Turner") to a term of eighty-four months in prison after he pled guilty to one count of Conspiracy to Possess with the Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846(b)(1)(A), and 18 U.S.C. § 2. Turner did not appeal his sentence, but instead, on August 17, 2009, filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Pursuant to Rule 4 of the Rules Governing Section 2255 proceedings, the court must screen Turner's petition to determine if he states a claim upon which § 2255 relief may be granted.

If it plainly appears from the face of the motion, and any annexed exhibits and the prior proceedings in the case, that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading. *See* Rule 4, Rules Governing Section 2255 Proceedings.

Section 2255 expressly imposes a one-year limitation period for the filing of a motion to vacate or modify. The limitation period starts to run from the date on which the judgment of conviction becomes final. Here, because Turner did not appeal his conviction, it became final when the deadline to appeal – which was ten days after he was sentenced – expired. The ten-day deadline for Turner to appeal his sentence – calculated pursuant to Fed. R. App. P. 26(a)(2), which states that Saturdays, Sundays, and legal holidays should be excluded from computations when the period is less than eleven days – expired on July 17, 2008. The Seventh Circuit employs the "anniversary method" for calculating filing deadlines, *see United States v. Marcello*, 212 F.3d 1005, 1009 (7th Cir. 2000); therefore, Turner had until July 17, 2009, to file his petition. His petition, filed on August 17, 2009, is clearly untimely – a fact petitioner readily admits.

Petitioner concedes that his petition is untimely, yet asks to be excused from the deadline for various reasons. The reasons Turner offers are: 1) that the institution at which he is housed has only one complete set of "lawbooks," only eight to eleven working typewriters, and that there is only a limited amount of time during which he can access these resources; and 2) that he had to wait until some assistance was available with the composition and structure of his petition. However, these reasons are woefully inadequate to warrant the court equitably tolling the deadline. "[T]he threshold necessary to trigger equitable tolling is very high." *Marcello*, 212 F.3d at 1010. "Extraordinary circumstances far beyond the litigant's control must have prevented timely filing." *Id.* While perhaps the

circumstances Turner points to were out of his control, they were not extraordinary, nor did they prevent timely filing. There is no requirement that a § 2255 petition be typed, and as for the composition and structure, petitioner should have used the § 2255 petition form – for which no assistance is required, as that form directs petitioners not to argue or cite law, but merely to state the facts supporting each claim.

Because Turner's § 2255 petition is untimely, the court will deny it and dismiss this action. However, to the extent that Turner's petition argues that his sentence should be modified to reflect the growing trend among courts to remedy the crack cocaine vs powder cocaine sentencing discrepancies, the court will construe his petition as a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

On November 1, 2007, the United States Sentencing Commission amended the advisory federal sentencing guidelines for criminal offense involving crack cocaine. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, these amended guidelines would apply retroactively to all offenders who were sentenced under the previous versions of the sentencing guidelines and who are presently incarcerated. The practical effect of these amendments is that pursuant to the provisions of 18 U.S.C. § 3582(c)(2), defendants previously convicted of offenses involving crack cocaine may be eligible for a reduction in their sentence.

Having construed Turner's filing as a motion to reduce his sentence pursuant to § 3582(c)(2), and having considered Turner's motion, together with an analysis from the United States Probation Office, the court concludes that this motion must be denied. As previously mentioned, Turner pled guilty to Conspiracy to Possess with the Intent to Distribute Five Kilograms or More of Cocaine. Because Turner's offense related to cocaine, not crack cocaine, the applicable offense level and sentencing guidelines remain the same under the amended guidelines. Therefore, the court finds no factual or legal basis to reduce the sentence imposed on July 2, 2008.

Accordingly,

**IT IS ORDERED** that petitioner's Motion to Vacate, Set Aside or Correct Sentence (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED**; and

**IT IS FURTHER ORDERED** that petitioner's implied motion for reduction of sentence pursuant to § 3582(c)(2) be and the same is hereby **DENIED**.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 7th day of December, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge