UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

WILLIAM TURNER,

        Petitioner,

v.                                                                                    Case No. 09-CV-796

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

On July 2, 2008, the court sentenced William Turner ("Turner") to a term of eighty-four months in prison after he pled guilty to one count of Conspiracy to Possess with the Intent to Distribute Five Kilograms or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846(b)(1)(A), and 18 U.S.C. § 2. Turner did not appeal his sentence, but instead, on August 17, 2009, filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Pursuant to Rule 4 of the Rules Governing Section 2255 proceedings, the court screened Turner's petition, and determined that he did not state a claim upon which § 2255 relief may be granted.

The flaw with Turner's motion is that it was not filed before the expiration of the applicable one year deadline. Turner requested that the deadline be equitably tolled because: 1) the institution at which he is housed has only one complete set of "lawbooks," only eight to eleven working typewriters, and there is only a limited amount of time during which he can access these resources; and 2) because he had to wait until some assistance was available with the composition and structure

of his petition. As the court pointed out in its order, these reasons are woefully inadequate to warrant the court equitably tolling the deadline. "[T]he threshold necessary to trigger equitable tolling is very high." *U.S. v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). "Extraordinary circumstances far beyond the litigant's control must have prevented timely filing." *Id.*

In his motion for reconsideration, Turner merely reiterates the same argument that appears in his original motion, albeit in greater detail. Those arguments are no more availing now than they were when first posited. In its previous order, the court stated that there is no requirement that a § 2255 motion be typed, thus Turner's limited access to typewriters was not sufficient reason to justify tolling. In his instant motion, Turner attempts to refute this by stating that "the petitioner would be accused of insulting the court if he submitted anything in his handwriting and total lack of even the slightest law sentence[.]" (Pet'r Mot. Reconsideration at 4). To the contrary, the court would greatly prefer a § 2255 movant fill out the § 2255 petition form by hand and submit that to the court, rather than submitting an eight-page, typed, motion citing case law and arguing legal points (contrary to the § 2255 form's instructions) as Turner did.

As for the notion that Turner's lack of assistance – be it in the form of legal books or in the form of someone to help him compose his motion – justifies tolling the deadline, such a notion is simply wrong. *Malone v. Oklahoma*, 100 Fed. Appx. 795, 797 (10th Cir. 2004); (petitioner's claims that he was ignorant of the law, was denied assistance of law clerks, and that he was illiterate, did not justify tolling of

-2-

Case 2:09-cv-00796-JPS    Filed 01/22/10    Page 2 of 4    Document 7

filing deadline); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (lack of legal experience or assistance is not an extraordinary circumstance justifying tolling); *Wilder v. Runnels*, 2003 WL 22434102 (N.D. Cal. 2003) (habeas petitioner not entitled to equitable tolling, despite claiming, *inter alia*, that he was unable to seek legal assistance and attend law library as needed due to frequent lockdowns and inaccessibility to persons who would assist him). Indeed, the idea that such obstacles – which are extremely common in prison settings – would justify tolling the deadline is clearly belied by the fact that the Seventh Circuit has stated that the deadline is only to be tolled in the case of "extraordinary circumstances," *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir.2004). All of the circumstances of which Turner complains are ordinary (not extraordinary) circumstances for prisoners. Thus, the court is obliged to deny Turner's motion for reconsideration.

Under the recently amended Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court is to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Id. As the court is now entering a final order adverse to Turner, the applicant, the court now turns to the matter of a certificate of appealability.

Before a 2255 petitioner may take an appeal to the Seventh Circuit, the district court must consider whether to grant the petitioner a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c). Fed. R. App. P. 22(b). The COA may issue only if the applicant makes a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The standard for making a

"substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). If the court issues a COA, it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3).

Given the case authority expressly stating that the issues raised by Turner are insufficient to warrant tolling, no reasonable jurist could debate whether the petition should have been resolved in a different manner.

Accordingly,

**IT IS ORDERED** that petitioner's Motion for Reconsideration (Docket #5) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that petitioner be and the same is hereby **DENIED** a Certificate of Appealability.

Dated at Milwaukee, Wisconsin, this 21st day of January, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge